```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

LINDA KAY REED,

    Plaintiff,

v.                                         Civil Action No. 2:18-cv-01156

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are the objections to the Magistrate Judge's Proposed Findings and Recommendation ("PF&R"), filed by the plaintiff, Linda Kay Reed ("Claimant"), on July 22, 2019.

### I. Procedural History

On July 18, 2018, Claimant instituted this civil action pursuant to 42 U.S.C. § 405(g). Claimant seeks judicial review of defendant Andrew Saul's ("Commissioner") administrative decision, which denied her application for disability insurance benefits and supplemental security income.

This action was referred to United States Magistrate Judge Dwane L. Tinsley for consideration in accordance with 28 U.S.C. § 636(b)(1)(B) and the standing order in this district.

Claimant and the Commissioner have filed cross motions for judgment on the pleadings.

## II. Standard of Review

The court reviews de novo those portions of the magistrate judge's PF&R to which objections are timely filed. 28 U.S.C. §636(b)(1)(B); see Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). On the other hand, the standard for review of the Commissioner's decision is rather deferential to the Commissioner under the Social Security Act, for "a reviewing court must 'uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017) (quoting Preston v. Heckler, 769 F.2d 988, 990 (4th Cir. 1985)); see 42 U.S.C. § 405(g); Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974) (stating that the court must scrutinize the record as a whole to determine whether the conclusions reached are supported by substantial evidence). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citations omitted); accord Brown, 873, F.3d at 267.

I. The Objections

Claimant asserts that the ALJ's decision was not based on substantial evidence. She advances two objections in support of that contention. First, Claimant contends that the ALJ failed to consider the severity of her right eye strabismic amblyopia at step two of the sequential analysis process.[1] She claims that the question of whether Claimant was "legally blind" – or that her eye had reduced visual acuity of 20/200 or less - "was not an issue in this case." Obj. 3. Rather, the ALJ was "compelled by SSR 85-28 to consider Reed's visual impairments" in rendering her finding. Id.

Despite Claimant's assertion to the contrary, the ALJ properly considered the impairment of the Claimant's right eye in her analysis. As the magistrate judge noted in the PF&R, the ALJ found that Claimant had double vision during panic attacks, but that the "objective evidence does not establish double

---

[1] The Social Security regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520. At step two of the process, the ALJ determines whether the claimant has an impairment or combination of impairments that is severe. 20 C.F.R § 404.1520(a)(4)(ii). The regulations define a "severe impairment" as an impairment which significantly limits a claimant's physical or mental ability to perform basic work activities. See 20 C.F.R. § 404.1521(a). The impairment must have lasted, or be expected to last, for a continuous period of at least twelve months. 20 C.F.R. § 404.1509. An impairment is "not severe" at step two only when the medical evidence establishes no more than a slight abnormality that would have no more than a minimal effect on an individual's ability to work. SSR 85-28, 1985 SSR LEXIS 19 at *2.

vision as a separate medically determinable impairment." PF&R 13; Tr. at 14. In support thereof, the ALJ referenced a January 12, 2015 Social Security Disability Determination in which Claimant's treating physician, Dr. Stanwick, indicated that she had no visual field abnormalities, visual acuities of 20/60 in her right eye, and visual acuities of 20/20 in her left eye. Tr. at 14, 319. On September 22, 2016, Dr. Stanwick performed another examination, which reported that her right eye had a visual acuity of 20/125 when incorrected and 20/80 when corrected. See PF&R 14. He prescribed reading glasses as her plan of treatment. Tr. at 418.

Although Claimant asserts that the question of whether she was "legally blind" was not in issue, she placed this very question in issue by claiming that she was "basically blind" in her right eye. See Tr. 89; Br. in Supp. J. Plead. 5. The magistrate judge clarified in his PF&R that despite this assertion, the medical documentation from Dr. Stanwick showed that Claimant's visual acuity in her right eye does not meet the requirement of reduced visual acuity of 20/200 or less.

As the magistrate judge correctly observes in the PF&R, the record is devoid of any evidence suggesting that Claimant's "visual limitation would interfere in her ability to perform basic work activities." PF&R 14. The determination of

4

the ALJ, that Claimant's Residual Functional Capacity ("RFC") "did not require a functional limitation in her ability to perform work-related activities due to her reduced visual acuity," is thus supported by substantial evidence. See id.

Second, Claimant objects to ALJ's failure to "build a logical bridge" from the evidence to her conclusion that Claimant could "work occasionally with three people." Obj. 4-5. She cites Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019) in support, which held that a "proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion," and the "[s]econd component, the ALJ's logical explanation, is just as important as the other two." Id. at 5.

This objection is without merit. Although the ALJ is required to make a conclusion based upon the evidence on the record, the standard of review of the ALJ's factual findings is whether they are supported by substantial evidence – that is, that which a reasonable mind might accept as adequate to support a conclusion (emphasis added). Here, the ALJ accounted for the Claimant's limitations of social functioning by limiting her interaction with other people. As the magistrate judge explained in his PF&R, the ALJ found various mental impairments of the Claimant based on the evidence of record and those findings were consistent with what the medical evidence

5

revealed. See PF&R 14-15. That the ALJ's finding that Claimant "would be limited to working in groups of three "is not reflected in any treatment note," is of no moment. See PF&R 5. As the magistrate judge noted, the ALJ found Claimant to "have severe mental impairments of generalized anxiety disorder with social phobia, sensory integration disorder, and dysthymic disorder resulted in moderate restrictions in understanding, remembering, or applying information; marked limitations in interacting with others; moderate limitations in concentrating, persisting, or maintaining pace; and no limitations in adapting or managing oneself." PF&R 14-15. Those findings are consistent with the treatment notes of three different physicians and the assessments of both of the reviewing state agency psychologists. See PF&R 14-17. The ALJ limited Claimant's RFC accordingly by finding that Claimant "should never have to deal with the public and could only have occasional interaction with no more [than] three supervisors or co-workers." PF&R 15 (citing Tr. at 18). In so doing, the ALJ exhibited no error.

In conclusion, the ALJ's findings were based upon substantial evidence.

## III. Conclusion

Accordingly, having received the PF&R and Claimant's objections, and having reviewed the record de novo, it is ORDERED:

1. That the Claimant's objections to the PF&R be, and hereby are, overruled;

2. That the proposed findings and recommendations of the magistrate judge be, and hereby are, adopted in their entirety;

3. That the Claimant's request for judgment on the pleadings be, and hereby is, denied;

4. That the Commissioner's request for judgment on the pleadings be, and hereby is, granted;

5. That the decision of the Commissioner be, and hereby is, affirmed; and

6. That the Claimant's action be, and hereby is, dismissed and removed from the docket of the court.

The Clerk is directed to forward all copies of this judgment order to all counsel of record and the United States Magistrate Judge.

ENTER: August 2, 2019

John T. Copenhaver, Jr.
Senior United States District Judge